IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DOMINGO MARTINEZ-DELEÓN,

                                                                                          OPINION and
                                                                                          ORDER

                   Petitioner,

                                                                                         09-cv-501-bbc

    v.

CAROL HOLINKA, Warden FCI Oxford,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Domingo Martinez-Deleón, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that prison officials violated his right to due process when they held a disciplinary hearing at which he lost good time credits and denied him the right to be present or offer a defense on his behalf. Petitioner is asking for reinstatement of the good time credits he lost at this disciplinary hearing and expungement from his record of the related incident report.

      On August 25, 2009, I screened the verified petition and determined from the facts petitioner asserted that he had been charged with making, possessing or using intoxicants,

1

on April 8, 2009, that on April 9, 2009, a disciplinary hearing was held regarding this incident, but petitioner was not present and did not have the opportunity to present witnesses or offer a defense and that, as a result of the hearing, petitioner lost good time credits. I directed respondent Carol Holinka to file a response showing cause, if any, why petitioner's writ should not be granted. The government has responded as directed and petitioner has filed a traverse.

Unfortunately, the developed record does not clarify what happened on April 9, 2009. Respondent alleges that petitioner was present at the disciplinary hearing, but has not submitted evidence sufficient to show that this is true. Petitioner continues to deny that he was present for the hearing, but without more information from him, I cannot conclude that his absence from the hearing violated his due process rights. I will give petitioner the opportunity to supplement his petition with information about the evidence he would have presented at the hearing had he been present.

Also before the court is petitioner's renewed motion for entry of default against respondent. Dkt. #13. On September 29, 2009, I denied petitioner's first motion for entry of default, finding that respondent had not been properly served. To correct this deficiency, I sent copies of the petition and the August 25 show cause order to respondent by certified mail. Respondent had 20 days from the date of service of the petition to file a response to the show cause order. The court did not receive respondent's response until October 30,

2

2009, clearly outside the 20-day window for filing a response.  Despite respondent's untimely response, I will not grant petitioner's motion for entry of default.  A default judgment is a drastic remedy that is generally inappropriate in habeas corpus cases.  Lemons v. O'Sullivan, 54 F.3d 357, 364 (7th Cir. 1995); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Defendant has pointed to no prejudice that was caused by respondent's delay of approximately ten days and the delay has caused no difficulty for the court.  Also, 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he proves that he is "in custody in violation of the Constitution or laws or treaties of the United States."  The failure of federal officials to file a timely response does not relieve the prisoner of his burden of proof.  Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970).  Despite respondent's delinquency, I would have no power to grant the writ of habeas corpus unless and until petitioner proved the averments of the petition by competent evidence.  Id. Therefore, I will deny petitioner's motion for default judgment and consider the materials submitted by both petitioner and respondent.

From the petition, response and traverse, I find the following facts to be material and undisputed.

3

UNDISPUTED FACTS

Petitioner Domingo Martinez-Deleón is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Respondent Carol Holinka is warden of the institution.

In April 2009, petitioner was granted a furlough to transfer from the Federal Correctional Institution in Oxford to the Mid-Valley halfway house in Edinburg, Texas. On April 8, 2009, after arriving at the halfway house, plaintiff was asked to give a breathalyzer test. Petitioner tested positive for alcohol and received an incident report for the prohibited act of making, possessing or using intoxicants.

On April 9, 2009, a case manager at Mid-Valley investigated the charge and concluded that the weight of the evidence supported the charge. The case manager reported that petitioner understood the charge. Petitioner gave the following statement to the case manager:

> I traveled on the bus from Oxford, Wisconsin to Edinburg, Texas. I was on the road for about 39 hours, but at no time consumed any alcohol. I did drink an energy drink while on my trip. I arrived to Stripes convenient store at about 9:35 am and called my son and wife to transport me to Mid-Valley House. I did tell my wife that I was having stomach pains and the only other drink I had was prune juice.

Petitioner signed a statement, dated April 9, 2009, acknowledging that he received notice of his rights, including his right to be present for a center disciplinary hearing, the right to have a staff member represent him at the hearing, the right to call witnesses and the

4

right to contest the decision within 20 days of receiving notice. He waived his right to have 24 hours' notice before a hearing was held and his right to have a staff member present at the hearing. He did not provide the names of any witnesses he wished to call in his defense.

A center disciplinary committee hearing was held on April 9, 2009. It is disputed whether petitioner was present at the hearing. Petitioner alleges that he was incarcerated in the Hidalgo County jail from April 8 to April 30, 2009 and was not present at the hearing. He has submitted a letter from the Hidalgo County sheriff's office confirming that he was in the sheriff's custody from April 8 to April 30, 2009. Respondent alleges that petitioner appeared in person and made a statement at the center committee hearing.

Relying on the results of the two breathalyzer tests and a certificate showing that the breathalyzer was calibrated in accordance with policy, the disciplinary committee concluded that petitioner had committed the act charged. The committee considered petitioner's statement denying alcohol consumption, but found that he had not presented evidence from which the committee could conclude that he did not consume alcohol. (It is disputed whether the statement considered by the committee was just a summary of the written statement that petitioner had provided to the investigator or whether petitioner gave the statement to the committee in person). The committee recommended the disallowance of good time credits.

The committee's findings and recommendations were reviewed by a disciplinary

5

hearing officer on April 21, 2009. The officer certified that the hearing had been conducted in accordance with bureau policy and that the committee's findings were supported by the evidence. The officer upheld the recommended sanction, disallowing 11 days of good-time credits and transferring petitioner from the halfway house to a secure facility.

DISCUSSION

Prison and halfway house disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Wolff v. McDonald, 418 U.S. 539, 556 (1974). However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive (1) advance written notice of the disciplinary charges at least 24 hours before a hearing; (2) an opportunity to call witnesses and present documentary evidence in his defense, when doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); McPherson v. McBride, 188 F.3d 784, 785-86 (7th Cir. 1999).

Petitioner contends that he was denied the minimum due process right to "call witness and present documentary evidence in his defense," because he was not present at the center disciplinary hearing that resulted in the loss of 11 days of good time credit.

6

Respondent maintains that petitioner was present at the hearing, citing the record of the center disciplinary hearing and the affidavit of the bureau disciplinary hearing officer that reviewed the committee's decision. However, the hearing officer was not present at the hearing, so he has no basis for asserting that petitioner was present, and the disciplinary hearing report is not signed by petitioner and does not indicate that he was present. It does contain a "summary of inmate statement," but this summary appears to be a summary of the statement that petitioner gave to the investigator before the hearing. Respondent does not respond to petitioner's allegation that he was incarcerated in the Hidalgo County jail at the time the hearing was conducted. In sum, defendant has failed to prove petitioner's presence at the hearing.

The Supreme Court has not addressed a prisoner's right to attend his own disciplinary hearing, but several appellate courts have indicated that such a right is implicit in the prisoner's right to call witnesses and present documentary evidence at the hearing. E.g., Henderson v. United States Parole Commission, 13 F.3d 1073, 1077 (7th Cir. 1994); Battle v. Barton, 970 F.2d 779, 782 (11th Cir. 1992); Moody v. Miller, 864 F.2d 1178, 1180 (5th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986). None have held that the right to be present at disciplinary hearings is not absolute. Herbst v. Vannatta, 160 Fed. Appx. 508, 510 (7th Cir. 2005); Moody, 864 F.2d at 1180-81 ("If, through no fault of prison officials, a prisoner is unable or refuses to attend a disciplinary hearing, due process

requires no more than that the hearing be held in accordance with all of the other requirements of due process that are called for under the circumstances."); Battle, 970 F.2d at 783 (prisoner's absence from hearing did not violate due process because his absence was logically related to correctional goals).  Petitioner has not alleged that halfway house officials excluded or otherwise prevented him from attending the hearing.  Petitioner's absence does not mean that his due process rights were violated if the center disciplinary hearing otherwise satisfied the requirements of due process.

Due process requires that petitioner be given the opportunity to present witnesses and documentary evidence in his defense.  Petitioner argues that he would have called witnesses if he had been present at the disciplinary hearing.  However, when petitioner was given notice of the hearing, he had the chance to provide the names of witnesses he wished to call in his defense.  He offered no names to the investigator.  This does not mean necessarily that petitioner waived his right to call witnesses.  The Court of Appeals for the Seventh Circuit has explained that due process requires that a prisoner be given a "reasonable time to plan his defense."  Miller v. Duckworth, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992) (failure to request witnesses immediately after being notified of disciplinary charges does not amount to waiver of prisoner's right to request witnesses at later date).  However, petitioner has not identified anyone he would have called as a witness or what testimony such a witness could have provided on his behalf.

Petitioner argues that he would have presented documentary evidence at the hearing, but he has not said what that evidence would have been.  The committee considered the written statement he made before the hearing occurred, in which he asserted his innocence and gave his version of the events.  Henderson v. Ahitow, 70 F.3d 1274, *2 (7th Cir. 1995) (unpublished) ("Although a prisoner before a disciplinary committee is entitled to present his version of events, a written statement is usually constitutionally adequate.")  From the materials petitioner has submitted, I cannot conclude that the center disciplinary hearing did not satisfy due process.

I will give petitioner two weeks in which to supplement his petition with a description of the witnesses he would have called and the documentary evidence he would have submitted had he been present in front of the disciplinary committee.  If petitioner does not supplement his petition, I will assume that he is not prepared to argue that the hearing did not satisfy due process and I will dismiss this petition for a writ of habeas corpus.

ORDER

IT IS ORDERED that

1. Petitioner Domingo Martinez-Deleón's motion for entry of default, dkt. #13, is DENIED.

2. Petitioner may have until December 8, 2009 to supplement his petition for a writ of habeas corpus and provide any evidence that he would have submitted to the center disciplinary committee had he been present at the disciplinary hearing. If petitioner does not supplement his petition by December 8, 2009, his petition for writ of habeas corpus will be dismissed.

Entered this 24th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10