IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DOMINGO MARTINEZ-DELEÓN,

                                            OPINION and ORDER

            Petitioner,

                                          09-cv-501-bbc

     v.

CAROL HOLINKA, Warden FCI Oxford,

            Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Domingo Martinez-Deleón, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that prison officials violated his right to due process when they took away his good-time credits after a disciplinary hearing and denied him the right to be present at the hearing or offer a defense on his own behalf. Petitioner is asking for reinstatement of good-time credits he lost at this disciplinary hearing and expungement of the related incident report from his record.

On December 14, 2009, dkt. #23, I directed petitioner to respond to the government's contentions that petitioner failed to exhaust his administrative remedies and

1

that petitioner was present and gave testimony at a center discipline hearing on the incident

report on April 9, 2009.  Petitioner has supplemented his petition with an affidavit

describing the events of April 9, 2009 and copies of his administrative grievances and

responses.

   After reviewing petitioner's affidavit and exhaustion materials, I conclude that this

petition for writ of habeas corpus must be dismissed because petitioner has not exhausted

his administrative remedies.  However, as I explain below, even if petitioner had exhausted

those remedies, his petition would fail on the merits because the April 9, 2009 center

discipline committee hearing that petitioner received satisfied due process requirements.

DISCUSSION

A.  Exhaustion

   Although § 2241 does not include an exhaustion rule, the Court of Appeals for the

Seventh Circuit applies one under common law.  Greene v. Meese, 875 F.2d 639, 640 (7th

Cir. 1989); Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986).  To meet the exhaustion

requirement, a prisoner must utilize the administrative remedies offered by the Bureau of

Prisons before filing a petition for writ of habeas corpus.  For an appeal of a disciplinary

action, such as the one in this case, the Bureau of Prisons grievance system requires inmates

to submit an appeal to the regional director (BP-10) and then submit an appeal to the

2

general counsel (BP-11).  28 C.F.R. §§ 542.14-15.  When inmates submit a BP-11 appeal, they must attach the regional director's response to the BP-10.  28 C.F.R. § 542.15(b).

Petitioner submitted a BP-10 on August 7, 2009.  On August 13, 2009, before he received a response from the regional director, he filed a BP-11.  On September 18, the general counsel rejected petitioner's BP-11 because he had not provided a copy of the regional director's response to the BP-10.  Petitioner resubmitted a BP-11 on October 6, 2009.  Again, petitioner did not include a copy of the regional director's response to the BP-10.  The general counsel rejected petitioner's BP-11 on December 3, 2009.  Petitioner alleges that he resubmitted a BP-11 on December 14, 2009.

Although petitioner made some effort to resolve his concerns through the prison grievance process, he has not exhausted his administrative remedies.  On two occasions, he attempted to file a BP-11 before he received a response to his BP-10.  Even now, petitioner does not allege that he has received a response to his most recent BP-11.  The law requires petitioner to exhaust all of his administrative remedies, including appealing fully any rejected grievances, *before* he mails his petition to the court.  Sanchez, 792 F.2d at 699.  The Court of Appeals for the Seventh Circuit has held that prisoners who file claims under 42 U.S.C. § 1983 must exhaust administrative remedies before filing suit and may not complete the grievance process while litigation in federal court is pending.  Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004).  The reason for this strict rule is to encourage prisoners to utilize the

3

administrative process and alternative dispute resolution.  Id.  The court has explained that

"[t]o prevent this subversion of efforts to resolve matters out of court, it is essential to keep

the courthouse doors closed until those efforts have run their course."  Id.  The same

rationale applies in habeas cases.  Sanchez, 792 F.2d at 699 (allowing prisoners to

"circumvent the administrative process" and file habeas petitions before they exhaust

"diminishes the effectiveness of the agency").  Because petitioner did not complete the

administrative process before he filed his petition and he is still waiting for a final decision,

his petition must be dismissed.


### B.  April 9, 2009 Hearing

Even if petitioner had exhausted his administrative remedies with regard to the April

9, 2009 hearing, his petition for a writ of habeas corpus would fail on the merits.  Originally,

petitioner seemed to be arguing that he was not present at any hearing.  However, the

record, including petitioner's own affidavit, now makes it clear that petitioner did attend a

hearing on April 9, 2009 at the Hidalgo County jail.

In petitioner's affidavit, dkt. #25, he avers that on April 9, 2009, George Lopez and

John Corona came to see him at the Hidalgo County Jail.  In a small room at the jail, Lopez

conducted an investigation of petitioner's intoxication charge and took petitioner's

statement.  Petitioner does not dispute that Lopez gave him a form entitled "Inmate Rights

4

at Center Discipline Committee hearing," or that petitioner signed a "waiver of 24 hour notice" that stated that he wished to "proceed with the Center Discipline Committee hearing at this time." Also, it is undisputed that Lopez gave petitioner a form entitled "Notice of Center Discipline Committee Hearing." The notice form had a space in which petitioner could list witnesses he wished to call, but petitioner listed no witnesses. After Lopez concluded his investigation, he left the room and Corona entered. According to petitioner, Corona introduced himself as a "case worker" from the halfway house who wanted to ask some questions about the incident. Corona asked petitioner questions about the intoxication charge and took petitioner's statement in which petitioner denied the charges. Corona showed his notes of the event to petitioner and asked petitioner whether he had anything more to add. Petitioner said no, and Corona said he would recommend that petitioner lose "a little good time credit." Corona asked petitioner to sign the center discipline committee hearing report, but petitioner refused, stating that he was not guilty.

In the brief accompanying his affidavit, dkt. #25, petitioner now contends that the April 9 hearing was not a "proper" disciplinary hearing for several reasons. He argues that a single person cannot constitute a "committee," and that Corona never asked petitioner to provide evidence or names of witnesses. These arguments lack merit. Because petitioner lost good time credit, due process requires that he receive (1) advance written notice of the charges against him; (2) a hearing before an impartial decisionmaker at which he can present

5

testimony and evidence; and (3) a written explanation, supported by at least "some evidence" in the record, for any disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974); Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). Due process does not require that the "impartial decisionmaker" be a committee of more than one person. Also, "[i]t is without question that an individual may waive his or her procedural due process rights." Domka v. Portage County, 523 F.3d 776, 781-82 (7th Cir. 2008). Petitioner received notice of the charge against him and had an opportunity to provide the names of witnesses to Lopez. He declined to provide any names. Although it is true that the Court of Appeals for the Seventh Circuit has held instructed that a prisoner should be given a "reasonable time to plan his defense," Miller v. Duckworth, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992), petitioner waived this right when he signed an agreement stating that he wished to proceed with a hearing at that time and then proceeded with the hearing.

Finally, petitioner contends that even if he did attend a center discipline committee hearing on April 9, his due process rights were violated because under the Bureau of Prison's regulations, he was entitled to a hearing before a disciplinary hearing officer. Petitioner may have been entitled to such a hearing under the regulations governing inmate discipline. 28 C.F.R. § 541.10 (explaining that regulations apply to all inmates in "the care, custody, and control (direct or constructive) of the Bureau of Prisons"); 28 C.F.R. § 541.15 (requiring

6

that a hearing be convened before a discipline hearing officer for alleged rules violations that are "serious and warrant[] consideration for other than minor sanctions . . .").  Even so, petitioner cannot show that he is "in custody in violation of the Constitution or laws or treaties of the United States," as is required for habeas relief under § 2241.  Although claims for violations of some federal statutes or even regulations may be brought under  § 2241, DeRoo v. Holinka, 2008 WL 3981843, at *3 (W.D. Wis. Aug. 22, 2008), habeas corpus does not provide a remedy for harmless or technical violations.  Waletzki v. Keohane, 13 F.3d 1079, 1081 (7th Cir. 1994).  Petitioner was given a hearing before an impartial decision maker at which petitioner provided testimony in his own defense.  As discussed above, petitioner received or voluntarily waived the due process protections enunciated in Wolff, 418 U.S. 539.  A discipline hearing officer reviewed the center discipline committee hearing report and petitioner's statement, determined that the hearing provided the same procedural safeguards as disciplinary proceedings in Bureau of Prison facilities and made the final decision to disallow petitioner's good-time credits.  Petitioner has suggested no reason to presume that he would have had better procedural protections at a hearing before a discipline hearing officer.  Thus, he cannot show that violation of the inmate discipline regulations was anything more than technical or harmless error.  Ramos v. Gilkey, 1997 WL 201566, *3-4 (N.D. Ill. April 17, 1997) (holding that prisoner not entitled to habeas relief even though center discipline committee failed to refer case to discipline hearing officer);

7

<u>Doyle v. Holt</u>, 1994 WL 469233, *2 (N.D. Ill. Aug. 26, 1994) (same).

### ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by Domingo Martinez-Deleón is DISMISSED for petitioner's failure to exhaust his administrative remedies.

Entered this 26th day of January, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge